COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON


# ORDER OF ABATEMENT

Cause No.  01-13-00595-CR; *Milton Wayne Kay v. The State of Texas*
On Appeal from the 260th District Court of Orange County, Texas
Trial Court Cause No. 1307615


We are in receipt of a letter from the Honorable Buddie J. Hahn dated September 9, 2013, requesting direction regarding a motion to withdraw filed by trial counsel, Mr. Sexton. While it appears another lawyer may have assumed representation of the appellant, we have no official orders as to such substitution or appointment of counsel in our file.

As such, we abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] Trial counsel and any potential substitute counsel for this appeal shall also be present. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether to allow trial counsel to withdraw;
3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
   b. order the court reporter to file the reporter's record with this Court at no cost to appellant;
4) If appellant is not indigent:
   a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
   b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

1

S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than **30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than **30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than **30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
□ Acting individually    □ Acting for the Court

Date: September 19, 2013